UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRYSTAL W.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C24-5835-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting the medical opinion from Tiffany Mohr, Psy.D. (Dkt. # 7.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 9.) Plaintiff filed a reply. (Dkt. # 10.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1976, has at least a high school education, and previously worked as a receptionist. AR at 32-33. Plaintiff has not engaged in substantial gainful activity since December 10, 2019. *Id.* at 19.

In January 2022, Plaintiff applied for benefits, alleging disability as of December 10, 2019. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in August 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-34.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the residual functional capacity ("RFC") to perform light work that does not require crawling or climbing of ladders, ropes, or scaffolds; that does not require more than occasional stooping, kneeling, crouching, or climbing of ramps or stairs; that does not require more than frequent balancing; that does not require concentrated exposure to hazards or extreme temperatures; that consists of simple instructions; and that occurs in a consistent setting with consistent procedures. AR at 22-23.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision was the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined

---

[2] 20 C.F.R. § 404.1520.

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021), *superseded by statute on other grounds*. The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.    DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### A.    The ALJ Did Not Err in Evaluating Dr. Mohr's Opinion

In May 2022, Dr. Mohr examined Plaintiff and identified moderate limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, and maintaining pace; as well as marked limitations in adapting or managing oneself.

AR at 654-61. The ALJ found Dr. Mohr's assessment unpersuasive, citing three reasons for this conclusion. *Id.* at 29-30.

First, the ALJ criticized Dr. Mohr for not providing a function-by-function analysis, deeming it insufficient for Social Security disability evaluation purposes. AR at 30. Plaintiff argues this rationale has no basis in law. (Dkt. # 7 at 3.) Although the Commissioner asserts the ALJ need not accept opinions that use terms like "moderate" and "marked" without a detailed functional analysis, the cases the Commissioner relies on do not support this assertion. (Dkt. # 9 at 5-6.) In *Mcleod v. Astrue*, the court upheld an ALJ's rejection of a medical opinion that described the claimant as "very debilitated" and "unemployable," primarily due to its lack of specified functional limitations. 640 F.3d 881, 883-84 (9th Cir. 2011), *superseded by regulation on other grounds*. Similarly, in *Rodriguez v. Saul*, the court affirmed the ALJ's decision to disregard a physician's opinion that labeled the claimant as "unemployable" in the absence of detailed functional limitations. 846 F. App'x 470, 473 (9th Cir. 2021). Furthermore, in *Kitchen v. Kijakazi*, the court confirmed that the ALJ's RFC findings tracked with a medical opinion indicating the claimant was "mildly or markedly impaired" in interactions with others. 82 F.4th 732, 740 (9th Cir. 2023). Likewise, in *Stubbs-Danielson v. Astrue*, the court found the ALJ's conclusion that the claimant could perform simple tasks was consistent with a medical opinion describing her as "moderately limited" in maintaining a consistent pace, noting that this assessment was consistent with the restrictions identified in the medical testimony. 539 F.3d 1169, 1173-74 (9th Cir. 2008). Finally, in *Ford*, the court deemed the need for further clarification of terms like "fair" and "limited" unnecessary, given the comprehensive mental health records and related medical opinions informing the ALJ's decision. 950 F.3d at 1156.

Contrary to the Commissioner's assertion, none of these cases permit the ALJ to categorically reject medical opinions for using terms like "moderate" and "marked" to describe a claimant's general limitations. Rather, these cases illustrate that while an ALJ may reject opinions lacking detailed functional analyses, the ALJ is still required to address the specific assessments made by medical sources. In the instant matter, Dr. Mohr found that Plaintiff demonstrated moderate and marked limitations in several functional areas and provided particulars to support these assessments. AR at 659. To the extent the ALJ failed to address these specific findings, the ALJ erred.

Second, the ALJ concluded that Dr. Mohr overestimated the effect of Plaintiff's mental health impairments and found her opinion unsupported by her examination findings. AR at 30. Plaintiff argues that the ALJ overlooked abnormal findings from Dr. Mohr's examination, which included observations of flat affect and Plaintiff's reports of heightened irritability, diminished energy, increased sleep, crying spells, and social withdrawal. (Dkt. # 7 at 3.) However, Dr. Mohr's examination also showed that Plaintiff was well-groomed, cooperative, denied any suicidal thoughts or hallucinations, demonstrated clear and goal-directed speech, successfully followed a three-step command, and exhibited intact remote memory, a normal fund of knowledge, concentration, and appropriate abstract thinking. AR at 657-58. Therefore, the ALJ reasonably determined that the limitations suggested by Dr. Mohr were not supported by these generally stable mental status findings. *See Darden v. Saul*, 855 F. App'x 352, 355 (9th Cir. 2021) (an ALJ may reject an opinion when the mental status examination contradicts the opined limits). Although Plaintiff presents an alternative view of the record, when evidence can be reasonably construed in multiple ways, the ALJ's decision must stand. *Smartt*, 53 F.4th at 494-95.

ORDER - 5

Finally, the ALJ noted that Dr. Mohr's opinion was inconsistent with Plaintiff's routine and conservative treatment history, particularly highlighting the lack of any hospital admissions for mental health issues. AR at 30. Plaintiff argues that having a conservative treatment history should not automatically undermine Dr. Mohr's assessment and contends that the ALJ's characterization lacked specificity. (Dkt. # 7 at 4.) However, this argument falls short of the requirements for appellate review. *See Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022). The Court cannot require the ALJ to hypothesize findings that could have theoretically supported Dr. Mohr's conclusion and highlight where such findings are absent from the record. *See Callahan v. Kijakazi*, 657 F. Supp. 3d 1368, 1383 (E.D. Cal. 2023) ("[I]t is essentially impossible to require the ALJ to discuss specifics that do not exist.") Plaintiff fails to establish that the ALJ's decision was unsupported by substantial evidence.

To the extent that the ALJ erred in discounting Dr. Mohr's evaluation on the basis that her opinion lacked a detailed description of Plaintiff's functional limitations, this error was ultimately harmless given the ALJ's other findings—that Plaintiff's unremarkable mental status findings and conservative treatment were more consistent with the assessed RFC than they were with Dr. Mohr's opined limitations—are supported by substantial evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**B.     The ALJ Did Not Err in RFC Determination**

Plaintiff argues the insufficiency of the RFC assessment given the failure to include the limitations assessed by Dr. Mohr. (Dkt. # 7 at 4.) This argument fails to establish error because the ALJ properly discounted Dr. Mohr's opinion, as discussed above. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>14th</u> day of February, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge